IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 9:00-CR-16-1 |
| | § | |
| DANNY KEITH TAYLOR | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 5, 2012, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Danny Keith Taylor. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Conspiracy to Manufacture a Destructive Device, a Class C felony. The offense carried a statutory maximum imprisonment term of 5 years. The United States Sentencing Guideline range, based on a total offense level of 32 and a criminal history category of VI, was 60 months. Judge John Hannah, Jr. sentenced Defendant to 60 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release. On November 2, 2011 Defendant completed the term of imprisonment and began his term of supervised release.

On November 10, 2011, Judge Ron Clark modified the conditions of supervised release to include a special condition that Mr. Taylor reside in a Community Confinement Center (CCC) or Community Sanction Center for a period up to 180 days or until such time as the Defendant was able to establish a residence. At which time, the U.S. Probation Office would release him from the facility. While at the facility, the Defendant was ordered to abide by all the rules and regulations of the center and would not be required to pay subsistence to the facility. Under the

terms of supervised release, Defendant was also required to notify the probation officer ten days prior to any change of residence or employment.

In its petition, the government alleges that Defendant violated his terms of supervised release when he was unsuccessfully discharged from the County Rehabilitation Center ("CRC") on March 9, 2012 and failed to notify his probation officer of his whereabouts within ten of his change of residence. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by being unsuccessfully discharged from the CRC and failing to notify the probation officer ten days prior to changing residences, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition. In exchange, the government agreed to recommend that Defendant serve 21 months in addition to the 81 days of unserved CRC time with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Danny Keith Taylor be committed to the custody of the Bureau of Prisons for a term of imprisonment of 21 months plus 81 days of unserved CRC time with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be as close to Medford, Oregon as possible.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Ron Clark for adoption immediately upon issuance.

**So ORDERED and SIGNED this 9th day of July, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE